EMORY LYON, Executor, *vs.* BROWN UNIVERSITY *et al.*

PROVIDENCE—JANUARY 1, 1898.

PRESENT: Stiness, Tillinghast and Douglas, JJ.

*Held*, affirming the previous opinion of the court in this case, that the will construed in that opinion created successive residues, each becoming applicable to successive classes of legacies when the prior ones had been satisfied.

PETITION FOR REARGUMENT of the case reported in 20 R. I. Part 1, 55.

PER CURIAM. The defendant, John Gano Benedict, in his

brief upon the reargument of this cause, relies particularly upon the words in the third and subsequent clauses of the will, "applicable to the payment of the legacies in this" . . . "clause of my will contained," &c., as limiting these clauses to personal estate and the proceeds of real estate, and so distinguishing the case at bar from *Pond* v. *Allen*, 15 R. I. 171. We do not see the force of this argument. The obvious meaning of the words is simply "in case my estate remaining after the payment of preceding gifts is insufficient to pay the legatees under this clause in full, then these legacies shall abate." The words, "applicable to the payment of the legacies in this clause," &c., mean "the residue not hereinbefore disposed of," which residue the testatrix has just made applicable to the legacies now given. As we have before observed, there were created by this will successive residues, each becoming "applicable" to successive classes of legacies when the prior ones had been satisfied.

The relation of the clause containing the power of sale to the other clauses of the will we have fully considered in the former opinion. The decision in the case of *Pond* v. *Allen* we consider decisive of the case at bar.

*Samuel T. Douglas*, for complainant.

*Edwin P. Allen, Henry J. Spooner, John C. B. Woods, John C. Pegram, William C. Baker*, for respondents.